**SIGNED THIS: February 18, 2009**

_____
              **GERALD D. FINES**
    **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SCOTT A. R. KOENEMAN and | ) Bankruptcy Case No. 08-91670 |
| NANCY LYNN KOENEMAN, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court on an Objection to Debtors' Amended Claim of Exemptions, Motion for Turnover Order, Debtors' Response to Trustee's Motion for Turnover Order, Response to Trustee's Objection to Debtors' Amended Claim of Exemptions/Supplement to Response to Trustee's Motion for Turnover Order, and Trustee's Brief in Support of Objection to Debtors' Claim of Exemptions and Motion for Turnover Order; the Court, having heard arguments of counsel, reviewed written memoranda filed by the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.   The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on September 30, 2008.

2.   The Debtors' Amended Schedule C, Claim of Exemptions, seeks to claim certain wages earned by Scott A. R. Koeneman prior to the bankruptcy filing to be exempt under two theories. First, Debtors claim that the paycheck of Scott A. R. Koeneman received a few days after the bankruptcy is post-petition property, and, therefore, not part of the Debtors' bankruptcy estate pursuant to 11 U.S.C. §541. Alternatively, the Debtors claim that the wages are exempt to the extent of 85% pursuant to the Wage Deduction Act found at 735 ILCS 5/12-803.

3.   The Trustee in bankruptcy, Jeffrey D. Richardson, objects to the Debtors' Amended Schedule C, Claim of Exemptions, arguing that the wages earned by Scott A. R. Koeneman prior to the bankruptcy petition are estate property pursuant to 11 U.S.C. §541. Further, the Trustee argues that pre-petition wages are not exempt to the extent of 85% under the Wage Deduction Act at 735 ILCS 5/12-803, as that statute is not a general exemption which the Debtors can claim in bankruptcy.

Conclusions of Law

There is no dispute that Debtor, Scott A. R. Koeneman, earned certain wages from the University of Illinois prior to the filing for relief under Chapter 7 of the Bankruptcy Code, on September 30, 2008. The Debtors, however, argue that Scott A. R. Koeneman was not entitled to his paycheck for those wages until several days after the filing, and that, pursuant to 15 ILCS 405/13, all employees of state universities must wait for compensation until the completion of the period for which the compensation is being paid. Debtors argue that, in this case, Scott A. R. Koeneman was not entitled to his paycheck at the time of filing, and, thus, wages earned but not paid at the time of filing are not property of the bankruptcy estate. In considering this argument, the Court agrees with the position taken by the Chapter 7 Trustee, and finds that the wages earned, but not paid to Scott A. R. Koeneman at the time

of the Chapter 7 filing are property of the bankruptcy estate as post-petition payments for pre-petition services.  See:  In re Carlson, 211 B.R. 275 (Bankr. N.D. Ill. 1997).

In the alternative to their argument that Scott A. R. Koeneman's pre-petition wages are not property of the bankruptcy estate, the Debtors argue that 85% of Scott A. R. Koeneman's pre-petition wages are exempt under the Wage Deduction Act found at 735 ILCS 5/12-803.  In response to this argument, the Trustee cites cases of In re Thum, 329 B.R. 848 (Bankr. C.D. Ill. 2005); In re McCorkle, 2005 Bankr. LEXIS 1367 (Bankr. C.D. Ill. 2005); and In re Royer, 2006 Bankr. LEXIS 632 (Bankr. C.D. Ill. 2006), all authored by Chief Judge Thomas L. Perkins, finding that the Wage Deduction Act under 735 ILCS 5/12-803, is not a general exemption which debtors can claim in bankruptcy.

In support of their argument that the Wage Deduction Act under 735 ILCS 5/12-803 is a general exemption that can be used in bankruptcy, the Debtors cite the case of In re Mayer, 388 B.R. 869 (Bankr. N.D. Ill. 2008), in which Chief Judge Eugene R. Wedoff found that the statutory effect of 735 ILCS 5/12-803 was to protect debtors' wages against all forms of collection, and, as such, the limitation of the Illinois Wage Deduction Act is effectively an exemption that can be used in bankruptcy proceedings.  After careful review of the cases authored by Chief Judge Perkins and the later case authored by Chief Judge Wedoff, the Court finds that, based upon the present language of 735 ILCS 5/12-803 and the sound reasoning offered by Chief Judge Wedoff, in Mayer, supra, the Debtors' position in this matter should be upheld.

The Court concludes by finding that the 15% collection limitation of 735 ILCS 5/12-803 imposes an exemption as to 85% of Scott A. R. Koeneman's unpaid wages at the time of the filing of the Chapter 7 bankruptcy petition.

###

3